SHARP v. SHARP.

1. DEEDS—CONSTRUCTION—INTENTION OF PARTIES.
 In the construction of deeds, the intention of the parties must prevail, unless it is contrary to law.

2. PARTITION—PROPERTY SUBJECT—BURIAL LOT.
 Where a grantor reserved out of property conveyed to a cemetery association a certain lot for burial purposes, such lot is not a part of his estate subject to partition among his heirs.

Appeal from Livingston; Miner, J. Submitted April 8, 1907. (Docket No. 31.) Decided April 30, 1907.

Bill by Henry Sharp against James Sharp and Etta Sharp to quiet title to land. From a decree for complainant, defendants appeal. Reversed, and bill dismissed.

One Thomas Sharp early settled in Deerfield, Livingston county, Michigan, and for many years prior to 1855 was the owner of the east half of the southeast quarter of section 21, on which he lived and cultivated as a farm. On January 23, 1855, he and his wife executed a deed to three persons (naming them) as trustees of the Deerfield Center Burying Ground and their successors in office,

conveying to them one acre (describing it). The deed contained the following:

" It is understood that the parties of the first part are to retain a certain lot in said burying ground that they have used, and said lot is two rods square."

No cemetery association had then been formed, but one was subsequently formed. The burying ground was then platted into lots, and the ground referred to in the deed was set apart to Mr. Sharp, and numbered lot 22. Previous to the execution of this deed, the grantors had buried three children in it. Mr. Sharp died, and was buried there. Subsequently his wife died, and was also buried there. After his death the farm was partitioned between his children, and that portion on which was this burying ground was allotted to the complainant. In the report of the commissioners, no reference was made to the burial ground.

Defendant James obtained a quitclaim deed from two of the heirs of Thomas Sharp, and the bill alleges that the defendant James claims an interest in this lot, and that the cemetery association has granted to the defendant certain rights of burial upon said lot, and that the association has no right to issue any right of burial to him. Complainant, claiming to own the entire lot, filed this bill to quiet his title. The court entered a decree for the complainant, holding that he had title to the entire lot.

*Louis E. Howlett* and *Glenn S. Mack*, for complainant.

*William P. Van Winkle*, for defendants.

GRANT, J. (*after stating the facts*). In the construction of deeds, the intention of the parties must prevail, unless it is contrary to law. 2 Devlin on Deeds (2d Ed.), § 836; *Erickson* v. *Iron Co.*, 50 Mich. 604.

The land deeded by Thomas Sharp was conveyed for no other purpose or intention than to make a burial place for the dead. If, as contended by the complainant, Mr.

Sharp excepted this lot, two rods square, from the grant for other purposes than for the burial of the dead, the exception would be repugnant to the grant, and void. The use of this lot as a potato or cabbage patch would be repugnant to the purpose for which the land was deeded, and as well that for which Mr. Sharp retained it. The very language of the deed shows that he retained it as a lot "in said burying ground that they have used." The right, therefore, which the grantor obtained by this deed, was none other or greater than that which he would have obtained by the omission of this language from the deed and the purchase of the same lot for burial purposes. The only right retained was the right of burial in the lot. Neither Mr. Sharp in his lifetime could have conveyed this lot, nor can his heirs now convey it, for any other purpose. It was not a part of his estate, subject to partition. The graves of the dead cannot be partitioned among the heirs of one who owns a burial lot in a cemetery.

The question of the right of burial by his heirs is not before us, and upon that we pass no opinion.

It follows that the decree of the court is erroneous.

It is therefore reversed, and the bill dismissed, with the costs of both courts.

MCALVAY, C. J., and CARPENTER, BLAIR, and OSTRANDER, JJ., concurred.